IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

UNITED STATES OF AMERICA

VERSUS							CRIMINAL NUMBER 5:06cr15-DCB-JCS

THOMAS JAVOR MCGRIGGS							DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the defendant's Motion to Dismiss [**docket entry no. 9**] and his Motion to Suppress [**docket entry no. 10**]. Having reviewed the motions, applicable statutory and case law and being otherwise fully advised as to the premises, the Court finds as follows:

I.  Motion to Dismiss

On April 5, 2006, the grand jury for the Southern District of Mississippi returned a four-count indictment against Thomas McGriggs. Count I of the indictment charges the defendant with taking a motor vehicle that had been transported in interstate commerce by force and intimidation in violation of 18 U.S.C. § 2119. See Indictment, ¶1 [docket entry no. 4] (carjacking count). Count II charges McGriggs with violating 18 U.S.C. § 924(c)(1) by knowingly brandishing a firearm during the carjacking. See Indictment, ¶2 (brandishing/carjacking count). The defendant is charged in Count III of the indictment with a violation of 18 U.S.C. § 1951 for unlawfully obstructing commerce by robbery of a casino. See Indictment, ¶3 (obstruction of commerce count). The last count of the indictment charges the defendant with a violation

of 18 U.S.C. § 1951 by brandishing a firearm during the robbery of the casino. <u>See</u> Indictment, ¶4 (brandishing/robbery count).

The statutes alleged to have been violated by the defendant in Counts I and III were both promulgated under Congress' authority to regulate interstate commerce.[1]  <u>See</u> 18 U.S.C. § 2119 ("Whoever, with the intent to cause death or serious bodily harm takes a motor vehicle <u>that has been transported, shipped, or received in interstate or foreign commerce</u> . . ."); 18 U.S.C. § 1951 ("Whoever in any way or degree obstructs, delays, or affects <u>commerce</u> or the movement of any article or commodity <u>in commerce</u> . . .")(emphasis added).  Counts II and IV, the brandishing counts, are based upon a statute which is derivative of the carjacking and robbery violations.  <u>See</u> 18 U.S.C. § 924(c)(1) (enhancing punishment where defendant used or carried a firearm in connection with a crime of violence).

The defendant filed the pending motion to dismiss on May 22, 2006.  <u>See</u> docket entry no. 9.  In his motion, McGriggs argues that Counts I and III of the indictment lack the "requisite substantial effect upon interstate commerce and therefore said charges are beyond the purview of Congressional regulation."  Motion to Dismiss, ¶IV.  It is further contended by the defendant that

---

[1] The "commerce power" of Congress, derived from art. I §8, cl. 3 of the United States Constitution, grants Congress the power "[t]o regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes[.]"

because the brandishing counts contained within the indictment are derivative of the carjacking and robbery counts, those counts should also be dismissed for lack of jurisdiction.

The Fifth Circuit has specifically held that Congress' promulgation of Sections 2119 and 1951 of Title 18 of the United States Code was within that entity's constitutional power. See United States v. Coleman, 78 F.3d 154, 158 (5th Cir. 1996) ("We hold that the carjacking statute is a valid exercise of congressional authority under the Commerce Clause because Congress could rationally believe that the activity of auto theft has a substantial effect on interstate commerce . . ."); United States v. Hebert, 131 F.3d 514, 523-24 (5th Cir. 1997) (holding that the government does not need to show a "substantial" impact on commerce; evidence of robberies' effect upon businesses' ability to purchase out-of-state goods sufficient impact on interstate commerce). Therefore, the defendant's motion to dismiss for lack of jurisdiction shall be denied.[2]

II. Motion to Suppress

The defendant filed a motion on May 22, 2006, in which he asks the Court to either dismiss the indictment against him or, in the

---

[2] The Court makes no ruling today as to whether or not the government will be able to prove that the establishment which McGriggs allegedly robbed was, in fact, involved in "commerce" as that term is defined under 18 U.S.C. 1951. The ruling today only discounts the defendant's assertion that Congress lacked any authority to promulgate the statute itself, a contention that is clearly not supported by Fifth Circuit law.

alternative, to suppress certain evidence allegedly withheld from the defense in violation of Brady. See Motion to Suppress [docket entry no. 10]. The defendant claims that "based upon information, the United States has an audio and/or video recording of the alleged crimes underlying the indictment . . . ." See id., ¶III. McGriggs complains that the government has failed, as of the date of his motion, to produce a copy of those recordings to the defense, though he contends that the government will likely seek to use those recordings as evidence against him. See id., ¶¶IV & V.

The United States counters that the defense was told on March 14, 2006, that there was a surveillance video from the scene of the alleged offense and was also provided a verbatim transcript of a statement that the defendant made to the police after the alleged offenses.[3] See Opposition to Motion to Suppress, at 1. Furthermore, the government acknowledges that a request was made to it to provide that surveillance to the defense on May 19, 2006; however, the prosecution states that it did not have possession of the tapes at that time. See id. The government further contends that once it obtained those tapes, it provided all such recordings to the defense on or about June 6, 2006. See id. The government argues that the defendant has been on notice that the tapes existed since March 14, 2006, and that he received possession of the tapes

---

[3] Apparently, there is a videotape of the alleged robbery as well as a taped statement made by the defendant to the police.

-4-

themselves approximately three weeks prior to trial.  Therefore, according to the government, there has been no discovery violation and, even if there had been one, the defendant has suffered no prejudice and that violation was cured by the production of the tapes.  See id.

The defendant's Motion to Suppress is based upon Brady v. Maryland, 373 U.S. 83 (1963).  In that case, the United States Supreme Court mandated that the prosecution must disclose evidence that is "material" to the preparation of the defense.  Brady, however, generally applies only where the government completely failed to provide the necessary disclosure.  See United States v. Dumeisi, 424 F.3d 566, 578 (7th Cir. 2005) (holding that the delayed disclosure of evidence received only several days before trial was not a Brady violation); United States v. Bencs, 28 F.3d 555, 560 (6th Cir. 1994) ("Brady generally does not apply to delayed disclosure of exculpatory information, but only to a complete failure to disclose"); United States v. Dobbins, 111 Fed. Appx. 832, 836-37 (6th Cir. 2004) (holding no Brady violation where surveillance tape was provided to the defense at trial).

Here, the government has stated that it provided the recordings to the defense approximately three weeks before the defendant's trial.  Thus, there is no Brady violation, and this case shall not be dismissed on that ground.  Provided the government does not seek to introduce recorded material extraneous

to that provided in its disclosure, there is also no reason that the defendant's requested suppression should be granted. Therefore, the defendant's Motion to Suppress shall be denied. Accordingly,

IT IS HEREBY ORDERED that the defendant's Motion to Dismiss [**docket entry no. 9**] is **DENIED**;

IT IS FURTHER ORDERED that the defendant's Motion to Suppress [**docket entry no. 10**] is **DENIED**;

SO ORDERED, this the 19th day of June, 2006.

S/DAVID BRAMLETTE
UNITED STATES DISTRICT JUDGE